KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in dismissing plaintiffs suit for failure to state a cause of action.
Felton J. Ledet (hereinafter plaintiff) is a criminal convicted of murder and serving a life sentence at Angola Penitentiary. Plaintiff has filed numerous law suits in state and federal courts seeking redress for alleged wrongs arising from his prosecution as a violator of the criminal laws of this State. This is yet another such action. Apparently, when plaintiff does not obtain the relief which he seeks, his response is to then sue the ruling judge(s) and other court personnel involved in the latest adverse court ruling against him. The trial judge dismissed sua sponte this, his latest suit, for failure to state a cause of action. Plaintiff appeals. We affirm.
FACTS
On October 14, 1983, plaintiff was convicted of second degree murder and sentenced to a mandatory term of life imprisonment at hard labor. This conviction was appealed. Plaintiff, acting as his own attorney, filed a supervisory writ application with this Court on or about March 9, 1984 in connection with his conviction. This Court denied the writ because plaintiff’s appeal of his conviction was then pending before us and because his application was premature. See, State v. Ledet, an unreported decision bearing Number K83-1039 on the Docket of this Court rendered March 13, 1984. Plaintiff then applied to this Court for post-conviction relief. Again, because plaintiff’s appeal of his conviction and sentence was pending before this Court, the application was denied. See, State v. Ledet, an unreported decision bearing Number K84-692 on the Docket of this Court rendered July 25, 1984.
Plaintiff next sued Judge Douglas Nehrbass of the Fifteenth Judicial District Court, who was the presiding trial judge at plaintiff’s second degree murder trial, in the United States District Court for the Western District of Louisiana. United States District Judge F.A. Little, in an unpublished opinion, dismissed this suit on or about August 2, 1984.
On November 7, 1984, this court affirmed plaintiff’s conviction, see, State v. Ledet, 458 So.2d 1024 (La.App. 3 Cir.1984), and the Louisiana Supreme Court denied writs of certiorari on February 4, 1985. See, State v. Ledet, 462 So.2d 1263 (La.1985).
Plaintiff then applied to this court for post-conviction relief. Again, because the district court for the parish in which plaintiff was convicted had original jurisdiction, and because plaintiff had not first sought post-conviction relief in that court, we denied his application as premature. See, State v. Ledet, an unreported opinion bearing Number K85-501 on the Docket of this Court dated June 26, 1985.
Next, plaintiff sued Dale Broussard and Ken Guidry, Court personnel involved in plaintiff’s earlier litigation, in the United States District Court for the Western District of Louisiana. United States District Court Judge F.A. Little, in an unpublished opinion, dismissed this suit on or about July 1, 1985.
On January 29, 1986, plaintiff filed a suit against Dan Guilliot, the Clerk of Court for the Fifteenth Judicial District Court in Lafayette Parish, Louisiana in the United States District Court for the Western District of Louisiana, Opelousas Division. In this suit, plaintiff alleged that his constitu *1069 tional right of access to the courts had been violated when Mr. Guilliot returned several documents plaintiff had attempted to file with a note informing him that the papers were not in proper form and to contact his attorney before attempting to refile them. Federal Magistrate Mildred Methvin, in her report and recommendation to the court, recommended that the suit be dismissed as frivolous. Federal Magistrate Methvin noted that the constitution requires prisoners to have reasonable access to the courts and that plaintiff failed to allege a factual or legal basis showing his constitutional rights were violated because of a delay in filing improper documents. United States District Court Judge John M. Shaw reviewed the record and agreed with the recommendation of Federal Magistrate Methvin and, consequently, in an unpublished opinion, this action was dismissed by Judge Shaw on June 3, 1986.
Plaintiff then appealed this decision to the United States Fifth Circuit Court of Appeal. A panel of that Court, comprised of Judges Sam D. Johnson, Jerre S. Williams, and William L. Garwood, found plaintiffs suit frivolous and affirmed its dismissal in an unpublished opinion rendered on September 3, 1986. The Court found that plaintiffs federal court pleadings failed to indicate that he had made a meaningful effort to comply with the state court procedures and rejected plaintiffs contention that the alleged actions inhibited adequate access to the courts.
Ultimately, plaintiff did file an application for post-conviction relief in the Fifteenth Judicial District Court. Judge Douglas Nehrbass, in a per curiam opinion dated March 27, 1986, denied the application because it was not in proper form. Plaintiff then sought supervisory writs to this Court and this Court, not finding error in Judge Nehrbass’ ruling, denied the writ. See, State v. Ledet, an unpublished decision bearing Number K86-384 on the Docket of this Court dated May 27, 1986. The Louisiana Supreme Court denied plaintiffs application for writs from our ruling on November 7, 1986. See, State ex rel. Ledet v. Nehrbass, 496 So.2d 345 (La.1986).
In January, 1987, plaintiff applied to this court for post-conviction relief seeking to compel the trial court to furnish certain trial records to him. The application was deficient and plaintiff was informed by a letter of the steps necessary to correct the deficiencies. Because plaintiff did not timely comply with the Uniform Rules of the Courts of Appeal, we dismissed his application. See, State v. Ledet, an unreported decision bearing Number K87-190 on the Docket of this Court dated March 11, 1987.
Plaintiff then sought an appeal to this court of earlier rulings of Judge Nehrbass; but his appeal did not specify which of the rulings on plaintiffs several earlier post-conviction applications he was appealing. Plaintiff was not entitled to appeal so we treated the matter as an application for post-conviction relief and dismissed the application as repetitious. See, State v. Ledet, an unreported decision bearing Number K86-940 on the Docket of this Court dated July 13, 1987.
Plaintiff then filed a suit, alleging violation of his civil rights, in the United States District Court for the Western District of Louisiana against Judge John M. Shaw (who dismissed his 1986 suit against Dan Guilliot, the Fifteenth Judicial District Clerk of Court), Dan Guilliot (the Clerk of Court who “denied him access to the court”) and the panel of United States Fifth Circuit Court of Appeal Judges, Sam D. Johnson, Jerre S. Williams, and William L. Garwood, who affirmed the decision of Judge Shaw, which dismissed his earlier suit in federal court against Guilliot. United States District Court Judge John M. Duhé dismissed the suit on February 23, 1988 in an unpublished opinion.
Plaintiff appealed Judge Duhé’s ruling to the Fifth Circuit, United States Court of Appeals, and it was on May 16, 1988 affirmed in an unpublished per curiam decision. Ledet v. Shaw, 847 F.2d 839 (5th Cir.1988). The panel, consisting of Judges Thomas M. Reavley, Carolyn Dineen King, and F. Grady Jolly of the United States Fifth Circuit Court of Appeal, noted that plaintiff asked the court, not for money *1070 damages, but for it to “review the areas assigned as Judicial obstructions.” The court found that plaintiff just wanted to relitigate a proceeding which had been decided and affirmed on appeal under the guise of a civil rights suit. Plaintiff then applied for writs to the United States Supreme Court but his application was returned by the Clerk of Court because the order denying a rehearing in the Fifth Circuit was not attached. Apparently, plaintiff could not correct this deficiency so that he could re-apply for writs to the United States Supreme Court.
On January 30, 1989, plaintiff filed yet another suit against the Fifteenth Judicial District, Dan Guilliot (Clerk of Court for the Fifteenth Judicial District), Douglas Nehrbass (District Judge for the Fifteenth Judicial District Court), J. Nathan Stans-bury (District Attorney for the Fifteenth Judicial District Court), Barbara Broussard (Deputy Clerk of Court for the Fifteenth Judicial District Court), John M. Duhé, and John M. Shaw (United States District Judges for the United States District Court for the Western District of Louisiana), and Ronald Weathers and Mildred Baker (Deputy Clerks of Court for the United States District Court for the Western District of Louisiana), seeking redress for the alleged wrongs that arose from his previous litigation where the relief he sought had been denied.
The federal defendants filed a Petition for Removal of the suit against them to the United States District Court for the Western District of Louisiana on February 28, 1989. On March 6, 1989, United States District Judge Donald E. Walter of the United States District Court for the Western District of Louisiana, ordered the dismissal of the federal defendants. On October 5, 1989, the United States Fifth Circuit Court of Appeal, in an unpublished opinion, dismissed plaintiffs appeal of Judge Walter’s order. See, Ledet v. 15th J.D.C., 887 F.2d 1085 (5th Cir.1989), and on March 26, 1990, the United States Supreme Court denied writs. Ledet v. 15th J.D.C., — U.S. -, 110 S.Ct. 1532, 108 L.Ed.2d 771 (1990).
On the same day that the suit was removed against the federal defendants, from the Fifteenth Judicial District Court to federal court, Don Aaron, District Judge of the Fifteenth Judicial District Court, sua sponte dismissed the suit as to the remaining state defendants. Plaintiff appealed the removal and dismissal of this suit to this court. The federal defendants filed a motion to dismiss the appeal and we affirmed the removal and dismissed the appeal. See, Ledet v. Dan Guilliot, et al., 548 So.2d 43 (La.App. 3 Cir.1989).
Plaintiff has now filed the suit at bar, in the Fifteenth Judicial District Court and District Judge Byron Hebert, sua sponte, dismissed it for failure to state a cause of action. It is from this ruling that plaintiff appeals and is, yet again, before this appellate court.
After a careful review of the record of this suit, it is clear that plaintiff has exhausted all of his legal remedies. He has already filed numerous legal proceedings raising every conceivable legal issue and every possible claim. All have been dismissed as without merit in both the state and federal courts. His present petition states no cause of action and, in fact, makes no sense at all.
The legal and procedural history of this convicted criminal’s previous frivolous suits, appeals, writs, and applications for post-conviction relief, as set forth above, illustrate his waste of the time and resources of both the State and Federal Court systems. Perhaps when this murderer finally understands that the relief he is seeking, which is his freedom from prison, will not be granted to him anymore than he can restore life to the man he shot and killed in cold blood, he will quit wasting his time and the courts’ time with frivolous litigation.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.